**Slip Op. 02-73**

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                      :
SHINYEI CORPORATION OF AMERICA,       :
                                      :
          Plaintiff,                  :
                                      :
          v.                          :   Court No. 94-05-00271
                                      :
UNITED STATES,                        :
                                      :
          Defendant.                  :
_____ :


## <u>ORDER</u>

Plaintiff Shinyei Corporation of America ("Shinyei") requests this Court to: (a) hold unlawful liquidations by the United States Customs Service ("Customs") executed with regard to the merchandise at issue in this action; and (b) remand this matter to Customs with instructions to re-liquidate the merchandise at issue in accordance with such instructions as the United States Department of Commerce, International Trade Administration ("Commerce") may issue. Commerce, in turn: (a) admits that Customs erred in liquidating the consumption entries at issue at the rate at which estimated antidumping duties were required to be deposited upon entry of the merchandise at issue; and (b) requests this Court to remand this case to Commerce for the purpose of issuing instructions to Customs on the basis of Commerce's <u>Final Determinations of Sales at Less Than Fair Value; Antifriction Bearings (Other Than Tapered Roller</u>

Bearings) and Parts Thereof From Japan ("Final Results"), 54 Fed.

Reg. 19,101 (May 3, 1989) and this Court's decisions with respect

to the Final Results, 54 Fed. Reg. 19,101.  Based on the foregoing,

it is hereby

   **ORDERED** that this case is remanded to Commerce to issue

instructions to Customs to re-liquidate the merchandise at issue in

accordance with Commerce's determination made in the Final Results,

54 Fed. Reg. 19,101, and pertinent decisions of this Court; and it

is further

   **ORDERED** that the remand results are due within ninety (90)

days of the date that this order is entered.  Any responses or

comments are due within thirty (30) days thereafter.  Any rebuttal

comments are due within fifteen (15) days after the date the

responses or comments are due.

                                        NICHOLAS TSOUCALAS
                                        SENIOR JUDGE


DATED:     July 25, 2002
           New York, New York